**IN THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF VIRGINIA**

**Alexandria Division**

|  |  |  |
|---|---|---|
| TAWANA JEAN COOPER | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Civil Action No. 1:16-cv-25 |
| | ) | |
| PAMELA A. VAROUXIS, Executrix | ) | |
| and Trustee of the THEODORE | ) | |
| VAROUXIS ESTATE AND TRUST | ) | |
| et al. | ) | |
| | ) | |
| Defendants. | ) | |
| | ) | |

**MEMORANDUM OPINION**

THIS MATTER comes before the Court on Defendants' Pamela Varouxis, Executrix and Trustee of the Theodore Varouxis Estate and Trust ("Varouxis"), John T. Frey, Clerk of the Circuit Court of Fairfax County, Virginia ("Frey"), and Nelson L. Knott, Comptroller of the Circuit Court of Fairfax County, Virginia ("Knott") Motions to Dismiss the Amended Complaint.

On February 20, 2013, Pamela A. Varouxis, as Executrix and Trustee of the Theodore Varouxis Estate and Trust, filed an unlawful detainer against the Plaintiff, Tawana Jean Cooper ("Plaintiff"), in the General District Court of Fairfax County. On April 4, 2013, Plaintiff appealed the General District Court's disposition and posted a civil appeal bond in the sum

of $10,258.00. On January 7, 2014, the Circuit Court entered a final order in the matter pursuant to a jury verdict in favor of Pamela A. Varouxis, as Executrix and Trustee of the Theodore Varouxis Estate and Trust. Thereafter, Plaintiff filed a petition for certiorari with the Supreme Court of Virginia, which was denied on October 1, 2014. On or about June 12, 2015, Knott, issued a check for the civil appeal bond that was made payable to Pamela A. Varouxis.

On or about December 7, 2015, Plaintiff asked Knott, in a face-to-face conversation, why the check was made payable to Pamela A. Varouxis and not Pamela A. Varouxis, as Executrix and Trustee. Knott informed Plaintiff that he made the check payable to Pamela A. Varouxis instead of Pamela A. Varouxis, Executrix and Trustee of the Theodore Varouxis Estate and Trust "because there are not enough character spaces on the check." Additionally, Knott informed Plaintiff that if "there is a problem with the checks the attorneys would inform his office, but to date he ha[d] not heard from the Varouxis Estates's attorney." On or about December 11, 2015, Sam. D. Scholar, Esquire, counsel for Pamela A. Varouxis, Executrix and Trustee of the Theodore Varouxis Estate and Trust, confirmed in a letter to Knott that the "$10,258 check was deposited into [his] client trust account about six months ago [and] credited to the benefit of Ms. Pamela Varouxis as Executrix and Trustee of the

Varouxis Estate and Trust in satisfaction of a judgment entered against Ms. Tawanna Jean Cooper" in the civil matter 2013-6760.

Plaintiff sent Frey letters on December 7, 14, 17, and 18 requesting that Clerk Frey "collect her $10,258.00 cash property appeal bond" from Pamela A. Varouxis. Frey denied Plaintiff's requests.

A motion to dismiss is appropriate when a complaint fails to state a cause of action upon which relief can be granted. Fed R. Civ. P. 12(b)(6). All allegations and favorable inferences that can be drawn from those allegations will be viewed in a light most favorable to the non-moving party. Albright v. Oliver, 510 U.S. 266, 267 (1994). Federal Rule of Civil Procedure 8(a)(2) requires that a pleading contain "a short and plain statement of the claim showing that the pleader is entitled to relief." The United States Supreme Court adopted the plausibility pleading standard in the case of Bell Atl. Corp. v. Twombly, 550 U.S. 544 (2007). To survive a motion to dismiss brought under Federal Rule of Civil Procedure 12(b)(6), a complaint must contain sufficient factual allegations, taken as true, "to raise a right to relief above the speculative level" and "nudg[e] [the] claims across the line from conceivable to plausible." Vitol, S.A. v. Primerose Shipping Co., 708 F.3d 527, 543 (4th Cir. 2013) (quoting Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555, 570 (2007)).

3

The Court will no longer accept that a cause of action for relief to be granted is probable based on bald allegations; the allegations must reach a level that make the cause of action plausible. "The plausibility standard is not akin to a 'probability requirement' but it asks for more than a sheer possibility that a Defendant has acted unlawfully ... Where a Complaint pleads facts that are 'merely consistent with' a Defendant's liability, it 'stops short of the line between possibility and plausibility of entitlement to relief.'" Iqbal, 556 U.S. at 678 (quoting Twombly, 550 U.S. at 557). "[L]abels and conclusions", "a formulaic recitation of the elements of a cause of action," and "naked assertions devoid of further factual enhancement" do not state a claim and are not assumed to be true. Id. (internal citations and quotations omitted).

Plaintiff's Amended Complaint is barred by the Rooker-Feldman doctrine, because the United States Supreme Court held that federal courts do not have jurisdiction to review final decisions rendered by a state court. See generally Rooker v. Fidelity Trust Co., 263 U.S. 413 (1923); District of Columbia Court of Appeals v. Feldman, 460 U.S. 462 (1983). "A party losing in State Court is barred from seeking what in substance would be appellate review of the State Judgment in a United States District Court, based on the losing party's claim that the State Judgment itself violates the loser's federal rights."

4

Johnson v. De Grandy, 512 U.S. 997, 1005-1006 (1994). The doctrine operates in "cases brought by state court losers complaining of injuries caused by state court judgments rendered before the federal district court proceedings commenced and inviting district court review and rejection of those judgments." Exxon Mobil Corp. v. Saudi Basic Indus. Corp., 544 U.S. 280, 284 (2005).

Here, Plaintiff's Amended Complaint is a clear attempt to have this Court review and reject the judgments entered against her by the courts in Fairfax County, Virginia. Plaintiff challenges, both expressly and impliedly, the propriety of the Circuit Court's final judgment order along with the Circuit Court Clerk's Office compliance with that order and attempts to have this Court review, reject, and stay the Circuit Court's order in direct violation of the Rooker-Feldman doctrine. As such, this Court must dismiss Plaintiff's Amended Complaint.

"Procedural due process rules are meant to protect persons not from the deprivation, but from the mistaken or unjustified deprivation of life, liberty, or property." Carey v. Piphus, 435 U.S. 247, 269 (1978). Under the Fourteenth Amendment, the question is not whether a deprivation occurred, but whether the state failed to provide due process. Zinermon v. Burch,

494 U.S. 113, 126 (1990). Ultimately, before a property interest is deprived there needs to be "some kind of prior hearing." <u>Bd. of Regents of State Colleges v. Roth</u>, 408 U.S. 564, 569-70 (1972).

Essentially, Plaintiff's claim is two-fold: 1) that Frey deprived her of her property because he "deliberately disobeyed the Circuit Court's final order" by refusing to collect the $10,258.00 appeal bond which was credited to Pamela A. Varouxis, as Executrix and Trustee of the Theodore Varouxis Estate and Trust; and 2) that Knott deprived Plaintiff of her property by making the check payable to Pamela A. Varouxis instead of Pamela A. Varouxis, Executrix and Trustee of Theodore Varouxis Estate and Trust. Any error in the name on the check is harmless because the Amended Complaint indicates that Sam. D. Scholar, Esquire, counsel for Pamela A. Varouxis, Executrix and Trustee of the Theodore Varouxis Estate and Trust, confirmed that the "$10,258 check was deposited into [his] client trust account about six months ago [and] credited to the benefit of Ms. Pamela Varouxis as Executrix and Trustee of the Varouxis Estate and Trust in satisfaction of a judgment entered against Ms. Tawanna Jean Cooper" in the civil matter 2013-6760. Plaintiff's Amended Complaint does not plead facts sufficient to show her due process rights were violated by any named defendant.

Furthermore, Plaintiff has no claim to the civil appeal

6

bond. In Virginia, when a civil appeal bond "is furnished by [a] party against whom judgment has been rendered for money ... the bond shall be conditioned for the performance and satisfaction of such judgment or order as may be entered against such party on appeal, and for the payment of all costs and damages which may be awarded against him in the appellate court." Va. Code § 16.1-107. After the Circuit entered the final order in the amount of appeal the bond, Plaintiff no longer had rights in the bond. Therefore, Knott's issuance of the check and Frey's refusal to re-collect the $10,258.00 could not have deprived Plaintiff of her property because the $10,258.00 was not her property.

For the foregoing reasons, Defendants' Motions to Dismiss the Amended Complaint should be granted.

An appropriate order shall issue.


CLAUDE M. HILTON
UNITED STATES DISTRICT JUDGE

Alexandria, Virginia
May 16, 2016